# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00054-CR
NO. 03-15-00055-CR
NO. 03-15-00056-CR
NO. 03-15-00057-CR

**Vincent Alonzo Corson, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NOS. 71403, 72778, 72779 & 72780, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

These are appeals pursuant to *Anders v. California*.[1]  In trial court cause number 71403, appellant Vincent Alonzo Corson pleaded guilty to the state-jail-felony offense of abandoning or endangering a child with intent to return.[2]  At the plea hearing, the district court found the evidence sufficient to support a finding of guilt but withheld that finding and placed Corson on deferred-adjudication community supervision for a period of two years.

Subsequently, the State filed a motion to adjudicate, alleging that Corson had violated the terms and conditions of his community supervision by committing three subsequent criminal offenses for which he was separately charged:  (1) aggravated assault with a deadly weapon

---

[1] 386 U.S. 738 (1967).

[2] *See* Tex. Penal Code § 22.041(b), (d)(1).

(trial court cause number 72778); (2) aggravated kidnapping (trial court cause number 72779); and (3) burglary of a habitation (trial court cause number 72780). At a consolidated plea hearing, Corson pleaded true to the State's allegations in the motion to adjudicate and guilty to each of the charged offenses. The district court found the evidence sufficient to support a finding that Corson had violated the terms and conditions of his community supervision as alleged and had committed the subsequent offenses as charged. The district court withheld its findings, ordered a presentence investigation report, and reset the cases for sentencing.

Prior to sentencing, Corson filed a motion to withdraw his pleas, asserting that he was "insane" at the time he entered them. Following a hearing, at which Corson presented no evidence of any such insanity, the district court denied the motion and proceeded to sentencing.

At the hearing on sentencing, the district court heard evidence pertaining to the charged offenses. Regarding the child-abandonment offense, Corson's ex-wife, Janeka Wiggins, testified that on one occasion, Corson had left their two children—who were one and two years old at the time of the offense—unattended, and one of the children was found by authorities in the middle of a road. Regarding the other offenses, Wiggins testified that, after she and Corson had separated, Corson came to her home one night (in violation of a protective order that Wiggins had obtained against him), shot the front door open, and proceeded to shoot Wiggins multiple times in her leg, stomach, hip, and arms while she was holding one of their children. Then, Wiggins recalled, after she was no longer able to hold the child in her arms and had to place him on the floor, Corson took the child and fled.

Corson testified in his defense. He admitted that he had gone to Wiggins's residence on the night in question "with the intent to force her to drop the protective order." However, he

claimed that "[w]hat happened was not my intention." Corson added, "I cannot recall the incident planning out [sic] the way she says it was played out, but I do not disagree with it." Corson explained, "I remember shooting through the door once. And then stepping into the—pushing into the apartment and then seeing her standing there, and my son standing on the floor beside her crying. And then commencing to shoot[] her four more times." However, according to Corson, "I didn't go there to shoot her. I didn't go there to hurt her. Just something clicked. And it just—it just happened." Later, on cross-examination, Corson also admitted to taking the child and attempting to flee to Florida, although he claimed that this was not kidnapping because the child was his son.

At the conclusion of the hearing, the district court found the allegations in the State's motion to adjudicate true and adjudicated Corson guilty of committing the original offense of child abandonment. The district court also found Corson guilty of committing each of the subsequent offenses. The district court sentenced Corson to two years in state jail for the child-abandonment offense, twenty years' imprisonment for the aggravated-assault offense, forty years' imprisonment for the burglary offense, and forty years' imprisonment for the aggravated-kidnapping offense, with the sentences to run concurrently. These appeals followed.

In each cause, Corson's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] Counsel has certified to the Court

---

[3] *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

3

that she has provided copies of the motion and brief to Corson, advised Corson of his right to examine the appellate record and file a pro se response, and supplied Corson with a form motion for pro se access to the appellate record.[4] No pro se brief or other written response has been filed, including a motion for access to the appellate record.

We have independently reviewed the record and have found nothing that might arguably support the appeals.[5] We agree with counsel that the appeals are frivolous. In each cause, we grant counsel's motion to withdraw. We affirm the judgment adjudicating guilt in trial court cause number 71403 and the judgments of conviction in trial court cause numbers 72778, 72779, and 72780.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: May 29, 2015

Do Not Publish

---

[4] *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

[5] *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).